UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:24-cr-184 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| REGINALD MCCURDY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

Defendant Reginald McCurdy ("Defendant" or "McCurdy") moves this Court, pursuant to 18 U.S.C. §§ 3142(f)(2) and (i)(4), to reopen the detention hearing in this matter. (Doc. 68.) The government timely opposed the motion. (Doc. 70.) For the reasons stated below, the motion is DENIED.

**I.    Background**

On May 30, 2024, a federal grand jury returned an indictment charging McCurdy with six federal offenses: Conspiracy to Distribute and Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A); Distribution and Attempted Distribution of Fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846; Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2; Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2; Use of Communications Facility to Facilitate Felony Drug Offenses in violation of 21 U.S.C. § 843(b); and Interstate Travel in Aid of Racketeering in violation of 18 U.S.C. § 1952(a)(3).  (Doc. 1.)  An arrest warrant was issued.

On August 7, 2024, McCurdy was arrested in the District of Arizona. A detention hearing was held on August 13, 2024, at which time McCurdy was ordered to be released on bond with stated conditions ("Release Order"). (Doc. 19-1 at 118.) The government immediately moved this Court to stay the Release Order and either revoke it in its entirety or conduct further hearings in this District. (Doc. 19.) On August 15, 2024, the motion was granted, McCurdy's release was stayed, and he was ordered to be transported to this District for further proceedings. (Non-Doc. Order, 8/15/2024.)

On September 3, 2024, a detention hearing was held in this District. After each side proffered evidence,[1] the Court heard arguments from counsel. Each agreed that McCurdy's charges carried a presumption for detention, although they disagreed as to whether the presumption had been rebutted. To rebut the presumption, McCurdy proffered that he could live with and be under the supervision of his mother and her fiancé. Their home did not appear to have been used to commit or facilitate the crimes in this District. Recognizing a defendant's burden of production to rebut the presumption is slight, the Court found that offering his mother's and her fiancé's home was insufficient. Notwithstanding, the Court addressed each Section 3142(g) factor.

The nature and circumstances of the offense charged weighed in favor of detention. McCurdy allegedly participated in a multi-state drug trafficking organization that prepared and

---

[1] The government proffered the following exhibits: Indictment (Ex. 1); Pretrial Services Report (District of Arizona) (Ex. 2); Pretrial Services Report Addendum (District of Arizona) (Ex. 2A); 8/29/2024 InterCourt Memorandum from Pretrial Services NDOH recommending detention (Ex. 3); Photo of parcel contents, including shirt and pills (Ex. 4) as well as the Lab Report (Ex. 4A) and Fingerprint Report (Ex. 4B) associated with same; Photo of parcel contents, jar of blue pills (Ex. 5); Photos of items seized (pill press machine, money counter, warrants, and a Lab Report confirming 325.9 grams of fentanyl (Exs. 6A-F); Lab Report confirming 10.2 grams of fentanyl (Ex. 7); Interview of McCurdy on 6/1/2022 (Ex. 8); and Arrest Interview of McCurdy (Draft) on 8/7/2024 (Ex. 9).

distributed fentanyl. He and his co-conspirators colored and pressed fentanyl into pills intended to look like pharmaceutically prepared oxycodone. McCurdy directed his co-conspirators' handling of the narcotics and appropriate precautions, including protective gear and keeping Narcan nearby when preparing drugs for sale. (Doc. 1 at ¶ 58.) One lab report indicated 2,966 individual pills stamped and colored to look like prescription opioids.

The weight of the evidence relative to risk of non-appearance or dangerousness weighed in favor of detention. McCurdy's family resided in Ohio, but he had been living in Arizona for the past thirteen years. Despite living in Arizona for so many years, McCurdy could not provide the name of one individual who could identify him or speak to his time in any Arizona community, save a co-defendant. As to dangerousness, the dangerousness of fentanyl, especially fentanyl pressed to look like prescription opioids, is widely known. If convicted, McCurdy faces mandatory minimum terms of incarceration, including a mandatory minimum term of 10 years on Counts One and Three. Additionally, McCurdy gave a statement to law enforcement officers acknowledging his participation included distribution, directing others to distribute on his behalf, and instructing others on the pill press and preparation of fentanyl pills for sale.

As for McCurdy's history and characteristics, he was not employed at the time of the offense. His mother and her fiancé offered their home as a stable residence during the pendency of these proceedings. It was also proffered that their home could support any type of monitoring the Court deemed necessary. While this information could weigh in favor of release, McCurdy allegedly controlled and directed co-conspirators in Ohio while he was in Arizona. His physical presence was not required.

And finally, in evaluating the nature and seriousness of the danger posed if release, the Court noted McCurdy's admissions to concealing fentanyl in pressed pills he distributed and

shipped (directly and indirectly) in and between Arizona and Ohio. He constructively possessed and directed the use of the pill press. In sum, McCurdy's criminal activity involved controlling and directing others in the preparation and distribution of a lethal narcotic. In conclusion, the Court found that home detention and location monitoring—both of which were urged by defense counsel—would not reasonably assure McCurdy's appearance or the safety of others. While the Court noted such conditions may allow it to know McCurdy's whereabouts, McCurdy's ability to control and direct others prevented such conditions from being suitable conditions for pretrial release.

II.     <u>Analysis</u>

A judicial officer may reopen a detention hearing:

> at any time before trial if a judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f). A detention hearing may be reponed only if "new information exists that was unknown to the movant at the time of the hearing." *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012). Courts refuse to open detentions hearings "if the evidence proffered was available at the time of the hearing." *United States v. Blackwell*, No. 21-cr-736, 2022 WL 2833814, 2022 U.S. Dist. LEXIS 128141, * (N.D. Ohio July 19, 2022) (quoting *United States v. Jerdine*, No. 08-cr-481, 2009 WL 4906564, 2009 U.S. Dist. LEXIS 117919, *7 (N.D. Ohio Dec. 18, 2009)). And even if new information is presented, the new information "must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *Watson*, 475 F. App'x at 600. "New and material information for purposes of § 3142(f) 'consists of something other than a

defendant's own evaluation of his character or the strength of the case against him; truly changed circumstances, something unexpected; or a significant event'" is required. *Blackwell*, 2022 WL 2833814, 2022 U.S. Dist. LEXIS 128141, *9 (quoting *Jerdine*, 2009 WL 4906564, 2009 U.S. Dist. LEXIS 117919, *3).

McCurdy proffers his mother's worsened medical condition requires his assistance. (Doc. 68 at 290.)  McCurdy further asserts that he would live with and care for his mother her Cleveland-area home.  (*Id.*)  McCurdy asks the Court to find that this change in circumstance supports reopening the detention hearing to consider again the many conditions recommended by the District of Arizona.  (*Id.*)[2]

For its part, the government argues: (1) McCurdy is not entitled to another detention hearing, and (2) McCurdy's changed condition does not mitigate prior findings that no condition or combination of conditions would reasonably assure either McCurdy's appearance or the safety of others.  (Doc. 70 at 297.)

As stated above, the Court's analysis is twofold.  First, is the information "new"?  Yes, there is new, proffered information that McCurdy's mother is unwell and would benefit from his assistance.  Second, is the information "material" such that the changed circumstance makes it more likely that McCurdy will appear and less likely that he would present a danger to others?  No, this information is not material.

That McCurdy may live with and care for his mother does not dispel this Court's previously stated concerns, particularly its observations about McCurdy's ability to direct and control others.  Much of the alleged conduct occurred outside of McCurdy's presence, but at his

---

[2] McCurdy recognizes that the reporting District would change from Arizona to the Northern District of Ohio, but he does not address that this District recommended detention.  (Doc. 29.)

direction. While living in Arizona, McCurdy directed others in the preparation and distribution of fentanyl in Ohio. McCurdy also admitted destroying evidence of his drug trafficking activity. When McCurdy learned law enforcement officials seized a drug package and his pill press, he promptly destroyed his "drug phone." (Ex. 8.)

The Court is very sympathetic to Mrs. McCurdy's medical condition and assistance needs. But McCurdy has not shown, as he must, that this changed circumstance has a material bearing on the issue of his pretrial release.

### III. Conclusion

For the reasons stated herein, Defendant Reginald McCurdy has not satisfied his burden of demonstrating both a new and a material change in his circumstances as required by 18 U.S.C. § 3142(f)(2). Thus, his motion to reopen the detention hearing and be transported to the courthouse for same is DENIED.

**IT IS SO ORDERED.**

Date: January 10, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE