IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:24CR184 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| REGINALD MCCURDY, | ) | GOVERNMENT'S MOTION TO |
| | ) | TERMINATE DEFENDANT'S PHONE |
| Defendant. | ) | PRIVILEGES, AS TO CO-DEFENDANT |
| | ) | CHERRELL GLENN; AND OR ORDER |
| | ) | DEFENDANT TO HAVE NO CONTACT |
| | ) | WITH CHERRELL GLENN |

Now comes the United States of America, by and through counsel, David M. Toepfer, United States Attorney, and Marc Bullard, Assistant United States Attorney, and hereby moves this Honorable Court for an order terminating Defendant-McCurdy's phone privileges, as to Co-Defendant Cherrell Glenn; and/or order Defendant to have no contact with co-Defendant-Cherrell Glenn.

On January 12, 2026, the government was notified by counsel for Cherrell Glenn, a co-defendant in this case, that Ms. Glenn was contacted by Defendant McCurdy by phone from the Mahoning County Jail. Upon being notified, the government forwarded this information to investigators who identified and reviewed the recoded call. A review of the call, which was made January 10, 2026, at approximately 8:05 a.m., McCurdy offers to send Glenn information that he indicates will "get [Glenn] out of this situation." (See Govt. Exhibit 1-transcription of recorded call, at 00:55). McCurdy also represents that the information he has for Glenn will allow her to "get [her] plea back" *Id.*, and her "case thrown out." (Govt. Exhibit 1, at 01:47). According to

Defendant McCurdy, all Ms. Glenn has to do is to "take pictures of everything and then put the drive outside." (Govt. Exhibit 1 at 02:13).

As to Defendant Cherrell Glenn, as set forth in her conditions of release order of August 8, 2024, the order specifically excludes her communication with co-defendants, and as to McCurdy, it states that she is not to communicate with him in the absence of an attorney. (R. 14-1, Conditions of Release, PageID 85). Consistent with this Order, Defendant Cherrell Glenn immediately notified her counsel, Fernando Mack, who in turn advised the government. In addition to notifying the government regarding the existence of the communication, Attorney Mack also advised that Ms. Glenn does not want to be contacted by Defendant-McCurdy.

The Supreme Court has long recognized that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285 (1948), overruled in part on other grounds, *McClesky v. Zant*, 499 U.S. 467 (1991).  "In the First Amendment context a corollary of this principle is that a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Challenges to restrictions alleged to violate First Amendment rights are "analyzed in terms of the legitimate policies and goals of the corrections system, to whose custody and care the prisoner has been committed in accordance with due process of law." *Id.*

While McCurdy is representing himself in this matter, the option to communicate with a potential witness lies with the witness.  Likewise, it is not the intent of the government to interfere with defendant's access to a potential witness, but to inform the Court of communication efforts that appear to go beyond trial preparation and are contrary to the wishes

2

of the witness.  Consistent with the wishes of Ms. Glenn and her order of release, the government requests that this Court terminate McCurdy's phone privileges as to Ms. Glenn, and/or otherwise order Defendant-McCurdy to refrain from contacting Ms. Glenn.  In the event additional communication by McCurdy to Ms. Glenn becomes necessary for trial preparation, the government requests that this Court direct McCurdy to communicate with Counsel for Ms. Glenn.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

By:   /s/ Marc D. Bullard
        Marc D. Bullard (OH: 0078206)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3644
        (216) 522-7499 (facsimile)
        Marc.Bullard@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January 2026 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.  Notice of this filing will be sent by regular U.S. Mail to:

Reginald McCurdy (IM 0075065)
Mahoning County Jail
110 5th Ave
Youngstown, OH 44503
*Pro se - Defendant*

/s/ Marc D. Bullard
Marc D. Bullard
Assistant U.S. Attorney

4