UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:24-cr-184-1 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| REGINALD MCCURDY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

The United States of America moves this Court for an order terminating certain of *pro se* Defendant Reginal McCurdy's phone privileges and/or directing that he may not contact a represented person without notice to and approval from their counsel. (Doc. 211.) For the reasons stated herein, the government's motion is DENIED in part and GRANTED in part.

### I. BACKGROUND

On May 30, 2024, a federal grand jury returned an indictment charging Reginald McCurdy ("McCurdy"), King Stevenson ("Stevenson"), Angelina Ventura ("Ventura"), Katrina Sterling ("Sterling"), and Cherrell Glenn ("Glenn") with various controlled substances offenses, including Conspiracy to Distribute and Possess with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(C) (Count 1). (Doc. 1.) McCurdy was also charged with Distribution, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 and 18 U.S.C. § 2 (Count 2); Possession with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2 (Count 3); Possession with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2 (Count 5); Using a Communications Facility to Facilitate

a Felony Offense, in violation of 21 U.S.C. § 843 (Count 6); and Interstate Travel in Aid of Racketeering, in violation of 18 U.S.C. § 1952(a)(3) (Count 11).[1] (*Id.*)

On December 1, 2025, the Court held a hearing to address McCurdy's request to proceed *pro se*. (12/1/2025 Minute Entry.) After a lengthy colloquy, the Court determined McCurdy knowingly, intelligently, and voluntarily waived his right to proceed with counsel. (*Id.*) Stand-by counsel was appointed. (*Id.*) All of McCurdy's co-defendants remain represented by counsel.[2]

As presented in a transcript appended to the government's motion, McCurdy recently contacted Glenn by phone making representations such as:

> You don't have to do s***. But just look at the information and tell me what you wanna do after that. I can send you everything, like the messages I got sent and everything . . . . You can get your uh plea took back. You can keep your (nicest?) life and everything.
>
> ***
>
> Ya know I'm pro se. I'm my own litigant, I file my own motions and s*** now. I just want you to look at it. You can just tell me if you want to do it or not. But I swear to God on my kids and on everything I love this s*** is true though and can get your own case thrown out. I swear to God on everything I love.
>
> ***
>
> All you have to do is like take pictures of everything and then put the drive outside . . . .

(Doc. 211 at 1844.)[3] McCurdy has not responded to the government's motion.

---

[1] McCurdy and Glenn are both charged in Count 5.

[2] Stevensen is represented by Attorney Michael Goldberg. Ventura is represented by Attorney Joan Pettinelli. Sterling is represented by Attorney Nancy Jamieson. Cherrell Glenn is represented by Attorney Fernando Mack.

[3] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

## II. LAW AND ANALYSIS

A criminal defendant can waive his constitutional right to counsel and proceed *pro se*, provided a Court finds the waiver was knowing, intelligent, and voluntary. *See Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). *Pro se* means to represent "one's self," it does not extend to providing legal representation to others. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citation omitted). Once counsel is waived, *pro se* litigants are responsible for their own legal filings and the quality of their own defense. *Wilson v. Parker*, 515 F.3d 682, 696 (6th Cir. 2008). Meaning, *pro se* litigants must prepare their case in much the same way as an attorney. (*See id.*; *Faretta*, 422 U.S. at 834-35.) This includes complying with applicable rules, procedures, and court orders. *See Faretta*, 422 U.S. at 836; *see also McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993).

There are no established federal rules of professional conduct. *See United States v. Beiersdorf-Jobst, Inc.*, 980 F. Supp. 257, 259 (N.D. Ohio 1997); *Kitchen v. Aristech Chem.*, 769 F. Supp. 254, 258 (S. D. Ohio 1991). Instead, federal courts look to state rules of professional conduct. *See id.* Rule 4.2 of the Ohio Rules of Professional Conduct provides:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer *knows* to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.[4]

As explained in Comment 1 to Rule 4.2:

> This rule contributes to the proper functioning of the legal system by protecting a person who has chosen to be represented by a lawyer in a matter against possible overreaching by other lawyers who are participating in the matter, interference by those lawyers with the attorney-client relationship, and the uncounselled disclosure of information relating to the representation.

---

[4] Rule 4.2 mirrors DR 7-104(A)(1), save that Rule 4.2 recognizes that court orders may authorize direct communications with a represented person. *See* Rule 4.2, Comparison to former Ohio Code of Professional Responsibility.

While *pro se* defendants in this district are not governed by the Ohio Rules of Professional Conduct in the same way as attorneys, a *pro se* defendant can be prohibited from contacting represented persons for the same reason Rule 4.2 prohibits attorneys from contacting represented persons.  *See Gaines-Hanna v. Farmington Pub. Sch. Dist.*, No. 4-cv-74910, 2006 WL 891434, 2006 U.S. Dist. LEXIS 14885 (E.D. Mich. March 31, 2006) (recognizing *pro se* plaintiff, although not technically bound by rules, was required to refrain from contacting represented defendants in accordance with Rule 4.2); *Frank Liu v. Nielsen Co. US LLC*, No. 22-cv-9084, 2024 U.S. Dist. LEXIS 169462 (S.D.N.Y. Sept. 16, 2024) (recognizing the New York Bar Association's opinion that Rule 4.2(a), which prohibits contacts with represented persons, applies to *pro se* litigants); *see also Simkus v. United Airlines*, No. 13-cv-04388, 2015 U.S. Dist. LEXIS 26398 (N.D. Ill. March 4, 2015) (collecting cases); *but see Greer v. Harreld*, 2023 U.S. Dist. LEXIS 237783 (declining to extend Rule 4.2 to a *pro se* litigant because *pro se* litigants lack the specialized knowledge necessary to effectively exploit represented persons).

To be sure, Rule 4.2 states that attorneys are prohibited from knowingly contacting represented persons.  But Comment 1 illuminates the purpose of Rule 4.2 – to protect the integrity of judicial proceedings by ensuring represented persons enjoy all the rights and privileges of their representation.  At bottom, Rule 4.2 seeks to protect the *represented person* from others who would seek to undermine that representation or gain a tactical advantage.  In this way, McCurdy is no different than a licensed attorney who seeks to avoid the strictures on communications with represented persons.

Because Rule 4.2 aims to protect judicial proceedings and the sacrosanct privacy of the attorney-client relationship, Rule 4.2 necessarily extends to *pro se* litigants like McCurdy. Extending Rule 4.2 to *pro se* litigants is especially appropriate when, as is the case here, the

individuals with whom the *pro se* litigant seeks to communicate are co-defendants who have either not pleaded guilty or are awaiting sentencing and who are subject to "no contact" orders as a condition of pretrial release. The "uncounselled disclosures" Rule 4.2 seeks to mitigate against are particularly important when weighed against the constitutional rights and pretrial conditions of McCurdy's co-defendants. *See Mitchell v. United States*, 526 U.S. 314, 328-29, 119 S. Ct. 1307, 143 L. Ed. 2d 424 (1999).

There is no law or order permitting McCurdy's communications with any represented co-defendant. As such, McCurdy is only permitted to communicate with a represented person *if* the person's counsel has first consented to the communication. Simply put, McCurdy cannot knowingly engage in any direct or indirect communication with any represented person, including Glenn, unless the represented person's attorney first authorizes such communication.[5]

The Court will not terminate McCurdy's phone privileges at this time. McCurdy will be afforded the opportunity to comply with this Order. If he fails to do so, phone privileges may be terminated. McCurdy is again reminded that "serious and obstructionist conduct" can result in termination of self-representation. *United States v. Nicolescu*, No. 23-3295, 2024 U.S. App. LEXIS 275, at *2 (6th Cir. Jan. 4, 2024) (citing *Unites States v. Noble*, 42 F.4th 346, 350 (3d Cir. 2022) (quoting *Faretta*, 422 U.S. at 834 n.46)). Disruptive conduct or conduct that violates a court order may result in revocation of *pro se* status. *See United States v. Brock*, 159 F.3d 1077, 1079 (7th Cir. 1998) ("[W]hen a defendant's obstreperous behavior is so disruptive that the trial cannot move forward, it is within the trial judge's discretion to require the defendant to be represented by counsel.").

---

[5] Indirect communications include those communications conveyed by or through a third party.

### III. CONCLUSION

For the reasons stated herein, the government's Motion to Terminate Defendant Reginald McCurdy's Phone Privileges as to Co-Defendant Cherrell Glenn and/or Order Defendant to Have No Contact with Cherrell Glenn (Doc. 211) is DENIED in part and GRANTED in part.  McCurdy retains his phone privileges, but phone privileges can be revoked if he does not comply with this Order.  McCurdy cannot communicate with any person he knows to be represented by counsel, including Cherrell Glenn, directly or indirectly, unless and until such communication is authorized by the represented person's attorney.  McCurdy's failure to comply with this Order may result in the termination of his *pro se* status.

**IT IS SO ORDERED.**

**Date:**  February 9, 2026

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE